```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FALLU PRODUCTIONS, INC.,                :
                  Plaintiff,            :
                                        :    06 Civ. 13248 (DLC)
        -v-                             :
                                        :    OPINION & ORDER
THE UNITED STATES OF AMERICA and THE    :
INTERNAL REVENUE SERVICE,               :
                  Defendants.           :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Jay Julien, Esq.
1501 Broadway, Suite 1609
New York, NY 10036

For Defendants:
Matthew L. Schwartz
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

DENISE COTE, District Judge:

This case raises the question of whether a taxpayer who pays its taxes on time and in the correct amount may nonetheless be penalized by the Internal Revenue Service ("IRS") for failing to deposit the tax payments electronically as prescribed by regulation. Plaintiff Fallu Productions, Inc. ("Fallu") and defendants the United States of America and the IRS (together, "the Government") have cross-moved for summary judgment. For

the reasons stated below, summary judgment is granted to the Government.

BACKGROUND

Fallu is a film production company wholly owned by the actor Joe Pesci. From the second quarter of 2001 through the third quarter of 2002, Fallu failed to make its federal employment tax deposits electronically, as required under the Electronic Federal Tax Payment System ("EFTPS").[1] It did, however, otherwise pay those taxes in full and on time by depositing the funds at an approved bank. The Government imposed failure-to-deposit ("FTD") penalties for each of the relevant quarters, pursuant to 26 U.S.C. § 6656, and subsequently filed a tax lien against Fallu for the penalties owed. Following a hearing, the IRS granted Fallu an abatement of the first two penalties -- those covering the second and third quarters of 2001.[2] The penalties for the remaining

---

[1] The EFTPS was developed when, in 1993, Congress directed the Treasury Department to implement an electronic system for collecting taxes and to prescribe regulations to govern the new system. See 26 U.S.C. § 6302(h).

[2] In requesting the hearing, Fallu explained that its treasurer had departed suddenly without informing his successor of the need for electronic filing. The IRS reasoned that Fallu should nonetheless have become aware of the electronic filing requirement by August 2001 at the latest, when it received notice of the first penalty. The IRS, therefore, agreed to abate only those penalties assessed for the quarters that preceded that notice.

quarters were sustained, and it is only these four unabated penalties that are before the Court in this case.[3]

The parties agree on the above facts and have stipulated that the "only issue presented in this case" is the constitutionality of imposing penalties on Fallu for failing to pay its taxes electronically when it otherwise paid the taxes in the correct amount and on time. Fallu contends that the assessment of penalties in these circumstances deprives it of due process of law. It argues that imposing FTD penalties for a deficiency in the form of payment exceeds the plain meaning of the relevant statute and that, in any event, penalizing taxpayers for failing merely to deposit taxes electronically is arbitrary and capricious. By stipulation, Fallu waived any other defense to these penalties.

DISCUSSION

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

---

[3] Fallu has brought its Complaint under 26 U.S.C. § 6330(d)(1) (2000). The statute was amended prospectively in 2006 to give the United States Tax Court exclusive jurisdiction over actions to review determinations made at collection due process hearings. The IRS's decision in this case, however, preceded the 2006 amendment.

moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006). "Claims turning entirely on the constitutional validity or invalidity of a statute are particularly conducive to disposition by summary judgment as they involve purely legal questions." Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 93 (2d Cir. 2003).

As described above, no material facts are in dispute here and all that remains to be decided is a legal question. This case is, therefore, ripe for summary judgment.

I.   Scope of § 6656

"Statutory construction begins with the plain text, and, where the statutory language provides a clear answer, it ends there as well." Raila v. United States, 355 F.3d 118, 120 (2d Cir. 2004) (citation omitted). Whether the meaning of a statute is unambiguous "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997). A court must "give effect, if possible, to every clause and word of a statute." State St. Bank & Trust Co. v. Salovaara, 326 F.3d 130, 139 (2d Cir. 2003) (citation omitted). In general, however, tax penalty

4

provisions should "be strictly construed" in favor of taxpayers. <u>Ivan Allen Co. v. United States</u>, 422 U.S. 617, 627 (1975).

Section 6656 of the Internal Revenue Code ("the Code"), upon which the penalties at issue in this case were based, provides:

> <u>In the case of any failure by any person to deposit (as required by</u> this title or by <u>regulations of the Secretary under this title</u>) on the date prescribed therefor any amount of tax imposed by this title in such government depository as is authorized under section 6302(c) to receive such deposit, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, <u>there shall be imposed</u> upon such person <u>a penalty equal to the</u> applicable percentage of the amount of the <u>underpayment</u>.

26 U.S.C. § 6656(a) (emphasis supplied). Treasury Regulation § 31.6302-1(h), promulgated under the EFTPS, requires that certain tax deposits be made electronically. Fallu admits that its employment tax deposits fell within that requirement for the periods at issue.

Focusing on the word "underpayment," Fallu asserts that this statute authorizes penalties only for a deficiency in the amount of taxes paid, not for a deficiency in the method by which payment is made. Such an interpretation, however, ignores the subsection's parenthetical statement. Its placement immediately following "failure . . . to deposit" emphasizes that the deposit itself must satisfy the requirements of the Code and applicable Treasury Regulations. Even narrowly construed, the

5

statute authorizes FTD penalties for violating a regulatory requirement that deposits be made electronically, even if payment is made in full and on time by other means.[4] That § 6656(a) is titled "Underpayment of deposits" does not alter this conclusion because "[t]he caption of a statute . . . cannot undo or limit that which the statute's text makes plain." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256 (2004) (citation omitted).

This plain reading of § 6656(a) also fits with the broader statutory scheme. Section 6302(h) of the Code states that the Secretary of the Treasury "shall prescribe such regulations as may be necessary for the development and implementation of an electronic fund transfer system which is required to be used for the collection of depository taxes." 26 U.S.C. § 6302(h) (emphasis supplied). The statute further explains that the electronic system should "ensure that such taxes are credited to

---

[4] The IRS reached the same conclusion in a 1995 Revenue Ruling. See Rev. Rul 95-68, 1995-2 C.B. 272. Although revenue rulings may of course be considered for their persuasiveness, the amount of deference they are to be accorded has not been revisited by the Second Circuit since the Supreme Court's decision in United States v. Mead Corp., 533 U.S. 218 (2001). See Reimels v. Comm'r, 436 F.3d 344, 347 n.2 (2d Cir. 2006). The Government urges this Court to apply the same "great deference" to Revenue Ruling 95-68 that the Second Circuit has previously attached to revenue rulings. Weisbart v. U.S. Dep't of Treasury, 222 F.3d 93, 98 (2d Cir. 2000) (citation omitted). Having arrived at the same interpretation as the IRS based upon the plain meaning of § 6656(a) and without deference to the Revenue Ruling, it is unnecessary to reach this issue.

the general account of the Treasury on the date on which such taxes would otherwise have been required to be deposited under the Federal tax deposit system." Id. With its direction that the Treasury Department implement an electronic tax deposit system and prescribe regulations to govern its operation, Congress expressed its intent that the system be utilized and made obligatory for certain depository taxes. The reading that Fallu advocates, however, would leave the choice of deposit method to the taxpayer.

Accordingly, the penalty provision of 26 U.S.C. § 6656 does, by its text, reach a taxpayer's failure to deposit taxes electronically when required to do so by regulation. The only other federal court to have decided this issue agreed. See F.E. Schumacher Co. v. United States, 308 F. Supp. 2d 819, 828 (N.D. Ohio 2004) (upholding FTD penalties where taxpayer deposited employment taxes in full and on time but did not deposit electronically as it was required to do).

   II.  Due Process

The Due Process Clause of the Fifth Amendment of the Constitution provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "This clause has been interpreted as a protection of the individual against arbitrary action of government," and it includes "a substantive component guarding

the individual against the exercise of power without any reasonable justification in the service of a legitimate governmental objective." Lombardi v. Whitman, 485 F.3d 73, 78-79 (2d Cir. 2007) (citation omitted).

Fallu argues that by asserting an "underpayment" penalty for failure to pay taxes electronically when payment is otherwise made on time and in full, "the IRS is extending its purpose beyond the collection of taxes."  The Government has described various efficiencies of the electronic system, including faster receipt of payments and reduced processing costs.  Fallu, in contrast, has not identified any difficulties the electronic payment system poses over the bank depository system to taxpayers in its position.  The increased efficiency of the EFTPS provides reasonable justification for requiring that certain deposits be made using the system, in service of the legitimate IRS objective of collecting taxes.  Moreover, in light of the significant benefit to the Government that comes from compliance with a more efficient collection system, the use of a percentage-based penalty to enforce a method of deposit required by regulation -- and authorized by statute -- is neither arbitrary nor unreasonable.  Thus, the imposition of FTD penalties when taxes are not deposited electronically as required does not violate taxpayers' due process rights.

Conclusion

Fallu's October 12, 2007 motion for summary judgment is denied and the Government's November 30, 2007 cross-motion for summary judgment is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
February 13, 2008

                                            DENISE COTE
                                  United States District Judge